# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| JUDIETTE R. WHITE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-01257 |
| RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW comes JUDIETTE R. WHITE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RESURGENT CAPITAL SERVICES, L.P. ("Resurgent") and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

1

4. Joinder of Plaintiff's claims against Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of a the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Belleville, Illinois, which lies within the Southern District of Illinois.

6. Resurgent is a third party debt collector purported to be "experts"[1] in the debt collection industry. Resurgent is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of the nature of Defendants' attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff in connection with a QVC, Inc. ("QVC") account.

10. Any purchases Plaintiff incurred through QVC were for her personal purposes.

11. Upon information and belief, after Plaintiff's purported default on the subject debt, QVC charged off the subject debt and subsequently sold it to LVNV, who in turn utilized Resurgent to

---

[1] https://www.resurgent.com/
[2] http://www.lvnvfunding.com/

manage the collection of account, while also employing various servicers to similarly try and collect the subject debt.

12. On or about March 12, 2021, Plaintiff received a collection email from TrueAccord ("March 12 Email"), a third party debt collector associated with Defendants, seeking collection of the subject debt.

13. The March 12 Email was the first written communication Plaintiff received in connection with the subject debt, and as such it provided the dispute and validation rights provided under 15 U.S.C. § 1692g(a).

14. Upon reviewing the March 12 Email, Plaintiff became confused and distressed, as anything she had ever purchased through QVC was previously paid in full and so she did not believe she owed the subject debt upon which TrueAccord was seeking collection.

15. As a result, Plaintiff submitted a written dispute and request for validation in connection with the subject debt on or about April 5, 2021, requesting proof that she incurred this debt with QVC and that LVNV could properly collect it.

16.  On or about April 14, 2021, Resurgent sent Plaintiff a collection letter regarding the subject debt ("First April 14 Letter").

17. The First April 14 Letter advised that LVNV was the current owner of the subject debt and that the debt had a valance of $454.53.

18. This letter stated, "Resurgent Capital Services, L.P. manages the above referenced account for LVNV Funding, LLC and has initiated a review of the inquiry recently received either directly or from TrueAccord, the current servicer of this account."

19. The letter went on to once again outline Plaintiff's dispute and validation rights pursuant to 15 U.S.C. § 1692g(a), and similarly stated that the letter was "an attempt to collect a debt."

20. Resurgent similarly sent Plaintiff an additional collection letter dated April 14, 2021 ("Second April 14 Letter") attempting to collect upon the subject debt, which stated, "We have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides verification of debt."

21. The "account summary" provided states that "[t]his account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC. It is not a credit card or other account statement from the original creditor."

22. As such, the "account summary" which Resurgent held out as "validating" the debt, really just provided the same information that was used to populate the information in the collection letters Defendants sent or caused to be sent to Plaintiff.

23. Essentially, Defendants' provided validation represented to Plaintiff that the subject debt is valid because Defendants say so, despite the validation provided not sufficiently demonstrating that Plaintiff actually incurred the subject debt originally owed to QVC.

24. Upon information and belief, Plaintiff received the First April 14 Letter on or about April 19, 2021, and the Second April 14 Letter on or about April 22, 2021. Plaintiff submitted further written requests for validation on April 19, 2021 and April 22, 2021 – right after she received each of Resurgent's April 14 Letters.

25. Rather than respond to Plaintiff's validation requests before continuing to attempt to collect the subject debt, as require by 15 U.S.C. § 1692g(b), Defendants instead unfairly and deceptively placed the subject debt with a new third party debt collector, Credit Control, LLC ("Credit Control").

26. On or about May 24, 2021, Credit Control sent Plaintiff a collection letter attempting to collect upon the subject debt.

27. Credit Control's collection letter identified that it was seeking collection of the subject debt and offered Plaintiff a variety of settlement options to go about addressing the subject debt, while also providing the dispute and validation rights available to consumer pursuant to 15 U.S.C. § 1692g(a).

28. Because Plaintiff had not yet received any response to her previously submitted requests for validation, she was not willing to pay the debt with Credit Control until she was shown she actually owed the debt serving as the basis of Defendants' collection efforts.

29. Thereafter, on or about June 14, 2021, Resurgent sent Plaintiff a further collection letter once again acknowledging receipt of her prior dispute, as it stated, "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Credit Control LLC, the current servicer of this account."

30. The letter went on to once again outline Plaintiff's dispute and validation rights provide under 15 U.S.C. § 1692g(a), and further stated it was an attempt to collect a debt.

31. Then, on or about June 15, 2021, Resurgent sent Plaintiff another collection letter which once again provided the "account summary" which had been previously provided back in April.

32. Feeling as though she once again had not been provided anything other than Defendants' own summary of the subject debt, Plaintiff once again submitted a request for validation on June 21, 2021.

33. Resurgent Responded to Plaintiff's dispute on September 17, 2021, once again stating that "Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Credit Control LLC, the current servicer of this account."

34. As of the drafting of this Complaint, Defendants have not provided Plaintiff any additional "validation" of the subject debt.

35. The nature of Defendants' actions in response to Plaintiff's numerous requests for validation underscore Defendants' violations of the FDCPA.

36. As an initial matter, in each of Defendants' responses to Plaintiff's disputes where Resurgent advised that it was investigating the matter, Defendants attempted to collect upon the subject debt.

37. However, pursuant to 15 U.S.C. § 1692g(b), a debt collector must provide validation in response to a written validation request received during a consumer's 30-day validation period before undergoing efforts to collect a debt from Plaintiff.

38. Defendants' practice of attempting to collect upon the subject debt without first providing validation underscore Defendants' violations of the FDCPA.

39. Furthermore, Defendants' practice of placing the subject debt with a third party servicer, Credit Control, to try and collect the subject debt, without first responding to Plaintiff's disputes, further underscores the extent to which Defendants attempted to collect upon the subject debt from Plaintiff without responding to Plaintiff's disputes.

40. Defendants attempted to utilize Credit Control in a deceptive attempt to get Plaintiff to abandon her pursuit of having the subject debt validated and instead make payment.

41. Additionally, Defendants deceptively provided Plaintiff an "account summary," going on to suggest such account summery sufficiently validated the subject debt, despite the account summary being a document created entirely by Defendants and which provided no information or validation beyond Defendants' own articulation of the nature of the subject debt.

42. Defendants attempted to convince Plaintiff that such documentation was sufficient validation on at least two occasions – however – Plaintiff nevertheless continued requesting further validation.

43. Upon information and belief, Defendants knew its "account summary" was not sufficient validation of the subject debt.

44. Evincing this point is the fact that Defendants, after Plaintiff's June request for validation, did not respond that they were investigating until September, and have not yet provided Plaintiff any further proof she owes the debt serving as the basis of Defendants' collection efforts. It is clear that Defendants have no proof that Plaintiff owes the subject debt beyond its own self-created documents.

45. Upon information and belief, LVNV purchased the subject debt as part of a vast portfolio of accounts without having sufficient documents or verification that the debts which they purchased are valid and owing by the targets of their collection efforts.

46. Defendants' conduct has caused Plaintiff to view their collection efforts with skepticism and potential fraud given their failures to comply with the dictates of the FDCPA, in turn inhibiting Plaintiff's ability to chart an intelligent course of conduct in response to Defendants' collection efforts.

47. As a result of Defendants' conduct and the run-around they constantly put Plaintiff through, Plaintiff has suffered concrete harm, including but not limited to out of pocket expenses associated with the postage submitted in connection with her numerous requests for validation, as well as aggravation, emotional distress, frustration, being tricked in violation of an anti-trickery statute, being subjected to further collection efforts from multiple parties without being provided validation of the subject debt, being put at risk of making payment despite the impropriety of the

collection efforts made towards her, and numerous violations of her federally protected interests to be provided clear, accurate, and truthful information regarding the nature of Defendants' collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

48. Plaintiff repeats and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

50. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendants are further businesses whose principal purpose is the collection of debts.

51. At all relevant times hereto, LVNV was the owner of the subject debt, and Resurgent was managing the collection of the subject debt.

52. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

53. LVNV is both directly liable for its conduct as a debt collector in relation to the subject debt, as well as vicariously liable for the violations of law engaged in by its agent, Resurgent, given the existence of a principal-agent relationship between the parties.

### a. Violations of FDCPA § 1692e

54. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

55. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

56. Defendants violated §§ 1692e, e(2)(A), and e(10) when they deceptively and misleading attempted to collect upon the subject debt by turning it over to Credit Control. Despite having received Plaintiff's requests for validation submitted in April 2021, Defendants skirted their obligation to provide Plaintiff validation of the subject debt by turning it over to a new third party collector who initiated collection efforts against Plaintiff. Defendants' utilization of Credit Control thus deceptively and misleadingly represented the legal status of the subject debt and the extent to which Defendants could seek, indirectly, to collect the subject debt from Plaintiff. Defendants were required to provide validation of the subject debt before subjecting Plaintiff to further collection efforts, yet deceptively sought to avoid such strictures by involving a third party.

57. Defendants further violated §§ 1692e, e(2)(A), and e(10) when they deceptively suggested that the provided "account summary" sufficiently validated the subject debt. Rather than actually demonstrating that Plaintiff owed the subject debt, the provided "validation" only reiterated the information which Defendants included in their collection letters to Plaintiff. Defendants thus attempted to suggest to Plaintiff that the subject debt was valid because they say so, which falls woefully short of the requirements imposed upon debt collectors and debt purchasers seeking to collect debts from consumers.

58. Additionally, Defendants violated §§ 1692e, e(2)(A), and e(10) when they deceptively suggested that they had "initiated a review" of Plaintiff's requests for validation. Upon information and belief, Defendants did not engage in such represented "review." Instead, Defendants followed their pattern and practice of merely providing consumers accounts summaries which they themselves have created, without meaningfully reviewing the requests for validation that Plaintiff

had submitted. Defendants' representations that they were actively reviewing the requested for validation was designed to deceptively convince consumers as to the sufficiency of their investigation into Plaintiff's requests for validation.

### b. Violations of FDCPA § 1692f

59. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

60. Defendants violated § 1692f by unfairly attempting to collect upon the subject debt from Plaintiff without providing validation. Defendants both directly and indirectly attempted to collect the subject debt from Plaintiff without first providing validation, underscoring the unfair nature of their conduct.

61. Defendants further violated § 1692f by unfairly providing Plaintiff purported validation which did nothing more than suggest the debt's validity because Defendants said so. Defendants unfairly attempted to convince Plaintiff that they had sufficient proof she owed the subject debt despite the apparent absence of such actual validation.

62. Defendants further violated § 1692f through the unfair manner in which they subjected Plaintiff to collect efforts from multiple different third party debt collectors simultaneously. While Plaintiff was actively working through disputes with TrueAccord and Defendants, Defendants then engaged Credit Control to attempt to collect the subject debt. Causing a single consumer to deal with multiple different debt collectors in connection with a singular debt is unfair conduct designed to compel Plaintiff's payment on a debt which Defendants could not properly validate.

### c. Violations of FDCPA § 1692g

63.  Pursuant to 15 U.S.C. §1692g(b), if a consumer submits a written request for validation of a debt, "the debt collector shall cease collection of the debt . . . until the debt collector obtains

verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."

64. Defendants violated § 1692g(b) by attempting to collect upon the subject debt without providing the required validation to Plaintiff. In response to each of Plaintiff's disputes, Defendants responded indicating that they were investigating while simultaneously attempting to collect the subject debt from Plaintiff. Defendants had to wait until after they provided validation to attempt to collect the subject debt from Plaintiff, underscoring their violations of the FDCPA.

65. Defendants further violated § 1692g(b) by causing Credit Control to engage in collection effort towards Plaintiff without first providing validation of the subject debt. Defendants had received Plaintiff's requests for validation. However, rather than provide such validation, Defendants instead furthered their efforts to collect the subject debt by having Credit Control attempt to collect the debt on their behalf.

WHEREFORE, Plaintiff JUDIETTE R. WHITE, respectfully request that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorneys' fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 13, 2021                    Respectfully submitted,

                                           s/ Nathan C. Volheim
                                           Nathan C. Volheim, Esq. #6302103

11

Counsel for Plaintiff
Admitted in the Southern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com